IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| MEDIA DIGITAL INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:12-CV-00313-JL ) |
| TOSHIBA AMERICA INFORMATION SYSTEMS, INC., | ) ) ) |
| Defendant. | ) ) |

# **PROTECTIVE ORDER**

The Court issues this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure. Unless modified upon proper application to this Court, this Order shall remain in effect through the conclusion of this litigation. This Protective Order is specific to the facts and circumstances of this litigation and the provisions of this Protective Order shall not be applied against any party in any other litigation for purposes of arguing the appropriateness of the provisions of this Protective Order to any other litigation.

In support of this order, the Court finds that:

a. Documents or information containing confidential proprietary and business information and/or trade secrets ("Confidential Information," "Highly Confidential Information," and "Attorney Eyes Only - Source Code") is likely to be disclosed or produced during the course of discovery in this litigation by both parties and non-parties;

b. The parties and non-parties to this litigation may assert that public dissemination and disclosure of Confidential Information, Highly Confidential Information, or Proprietary Source Code could severely injure or damage the party or non-party disclosing or

producing the Confidential Information, Highly Confidential Information, or Proprietary Source Code, and could place that party or non-party at a competitive disadvantage;

c. To protect the respective interests of the parties and non-parties, and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

**IT IS THEREFORE ORDERED THAT:**

1. This Protective Order shall apply to all information, documents, and/or things subject to discovery in this action ("Discovery Material") which contain proprietary, confidential and/or commercially sensitive information, as well as pleadings, testimony and other information, documents and/or things designated CONFIDENTIAL, ATTORNEYS' EYES ONLY, and/or ATTORNEYS' EYES ONLY – SOURCE CODE.  As used herein, "Producing Party" shall refer to any party, including the parties to this action and non-parties, who disclose and/or produce any Discovery Material in this action.  "Receiving Party" shall refer to the parties to this action who receive Discovery Material from a Producing Party.  "Outside Counsel" shall mean attorneys who are not employees of any named Party to this action or any Related Entity, but who are retained to represent or advise a named Party to this action or any Related Entity, including support personnel; contract attorneys; paralegals; consultants; legal secretaries; legal clerks; and technical advisors.  A "Related Entity" is defined in this Order as any parent, subsidiary or other legal business entity owned or controlled by a common parent.

2. Documents, discovery responses, or testimony containing Confidential Information, Highly Confidential Information, or Attorney Eyes Only - Source Code disclosed or produced by any Producing Party in this litigation are referred to as "Protected Materials."  Except as otherwise indicated below, all documents, discovery responses, or testimony designated by the Producing Party as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SOURCE CODE," and which are disclosed or produced to the attorneys for the other parties to this litigation, are Protected Materials and are entitled to confidential treatment as described below.

3. Protected Materials shall not include (a) materials that on their face show that they have been published to the general public, (b) documents that have been submitted to any governmental entity without request for confidential treatment, (c) source code distributed to the open source community, (d) information that the Receiving Party can demonstrate that it has derived independently without reference to the Protected Material, and (e) information that the Receiving Party can demonstrate was disclosed to the Receiving Party by a third party who lawfully obtained such information without breach of a confidentiality agreement.

4. Protected Materials and any information contained therein shall be used solely for the prosecution of this litigation. In the event a Party wishes to use any Protected Materials in any affidavits, briefs, memoranda of law, or other papers filed with the Court in this litigation, such Protected Materials used therein shall be filed with the Court pursuant to Local Rule 83.11.

5. At any time after the delivery of Protected Materials, counsel for the Receiving Party or Parties may challenge the confidentiality designation of all or any portion of the Protected Materials by providing written notice thereof to counsel for the Producing Party. The challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider the circumstances and, if no change in designation is offered, to explain the basis for the chosen designation. A party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Producing Party may file and serve a motion within fourteen (14) days after delivery of the written notice that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant complied with the meet-and-confer requirements set forth above, and that sets forth with specificity the justification for the confidentiality designation that was given by the Producing Party in the meet and confer process. The

burden of persuasion in any such challenge proceeding shall be on the Producing Party. Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

6. Confidential Treatment. Protected Materials and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for in this Order. Protected Material shall only be used for the purposes of preparation, trial, and appeal of this action. Protected Material shall not be used under any circumstances in conjunction with patent licensing, other patent litigation, the prosecution of any patent application or any other patent filing potentially affecting the claims of a patent or patent application, or for any other purpose.

7. "Confidential Information" as used herein refers to non-public, sensitive or confidential information, the disclosure of which the Producing Party contends could cause harm to the business operations of the disclosing party or provide improper advantage to others, including, but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act and information that concerns or relates to (i) sales or marketing, (ii) design, manufacturing or research and development, or (iii) technical characteristics of products or manufacturing processes. Any document that contains Confidential Information should be so designated by the Producing Party at the time of disclosure by placing the notation "CONFIDENTIAL" on every page of each document so designated. In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, electronic message, etc.), the notation "CONFIDENTIAL" shall be affixed to the outside of the medium and its container, if any, so as to clearly give notice of the designation.

8. Protected Materials marked CONFIDENTIAL, and any information contained therein, shall be disclosed only to the following persons:

   (a) Outside Counsel of record in this action for the party or parties receiving Protected Materials or any information contained therein;

   (b) Employees of Outside Counsel of record assigned to and necessary to assist such counsel in this action;

   (c) Three employees of the Receiving Party who agree to be bound by the terms of the Protective Order by executing Exhibit A;

   (d) Outside technical or litigation consultants and experts, including their support and clerical personnel, who are engaged by the party or parties receiving Protected Materials for the purposes of this litigation and who are designated by each party respectively pursuant to paragraph 14 below;

   (e) Outside vendors that provide photocopying, document processing, translation or graphics services to Outside Counsel to assist such counsel in the preparation and trial of this action;

   (f) Jury or trial consultants retained for the purpose of trial preparation in the above-captioned litigation, their employees, and any mock jurors engaged by such jury or trial consultants in connection with trial preparation in the above-captioned litigation;

   (g) Any person who was an author, addressee, or an intended recipient of the Protected Material;

   (h) As to Protected Materials of the Producing Party, any witness of the Producing Party;

   (i) The Court, jury, and court personnel; and

   (j) Any other person with the prior written consent of the Producing Party.

9. "Highly Confidential Information" as used herein refers to non-public, sensitive or confidential information, the disclosure of which to employees of the Receiving Party the Producing Party contends could cause harm to the business operations of the disclosing party or provide improper advantage to others, including, but not limited to, trade secrets within the meaning of the Uniform Trade Secrets Act and information that concerns or

relates to (i) design, manufacturing or research and development, (ii) technical characteristics of products or manufacturing processes, (iii) financial performance, (iv) manufacturing or other costs of doing business, or (v) licenses or other confidential agreements. Any document that contains Highly Confidential Information should be so designated by the Producing Party at the time of disclosure by placing the notation "ATTORNEYS' EYES ONLY" on every page of each document so designated. In the case of Highly Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disks, electronic message, etc.), the notation "ATTORNEYS' EYES ONLY" shall be affixed to the outside of the medium and its container, if any, so as to clearly give notice of the designation.

10. Protected Materials marked "ATTORNEYS' EYES ONLY," and any information contained therein, shall be disclosed only to the following persons:

(a) Outside Counsel of record in this action for the party or parties receiving Protected Materials or any information contained therein;

(b) Employees of Outside Counsel of record assigned to and necessary to assist such counsel in this action;

(c) Outside technical or litigation consultants and experts, including their support and clerical personnel, who are engaged by the party or parties receiving Protected Materials for the purposes of this litigation and who are designated by each party respectively pursuant to paragraph 14 below;

(d) Outside vendors that provide photocopying, document processing, translation or graphics services to Outside Counsel to assist such counsel in the preparation and trial of this action;

(e) Jury or trial consultants retained for the purpose of trial preparation in the above-captioned litigation, their employees, and any mock jurors engaged by such jury or trial consultants in connection with trial preparation in the above-captioned litigation;

      (f) Any person who was an author, addressee, or an intended recipient of the Protected Material;

      (g) As to Protected Materials of the Producing Party, any witness of the Producing Party;

      (h) The Court, jury, and court personnel; and

      (i) Any other person with the prior written consent of the Producing Party.

11. The Producing Party may designate Discovery Material as "ATTORNEYS' EYES ONLY – SOURCE CODE" if it comprises or includes confidential, proprietary and/or trade secret source code ("Proprietary Source Code"). As used herein, the term "source code" means computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator. Nothing in this Order shall obligate the parties to produce any source code or act as an admission that any particular source code is discoverable. However, if Discovery Material designated as ATTORNEYS' EYES ONLY – SOURCE CODE is produced, it shall be subject to the following provisions:

      (a) Any source code that is produced shall be made available for inspection in electronic format at: the Washington, DC office of Finnegan, Henderson, Farabow, Garrett & Dunner, LLP where the Producing Party is Toshiba America Information Systems, Inc. or the office of Friedman, Suder & Cooke P.C. where the Producing Party is Media Digital, Inc. upon ten (10) court days notice for the first inspection, and five (5) court days notice for each subsequent inspection, from the Receiving Party without restriction on the number of inspections so long as the requests are reasonable. The inspection shall occur on court days between the hours of 8 a.m. and 7 p.m;

      (b) The source code will be made available by the Producing Party for inspection by the Receiving Party's Outside Counsel, consultants, or experts in a private room on a stand-alone computer ("the Source Code Computer") and without interference from the Producing Party or its counsel. The source code will be made available in the

format in which it is kept in the ordinary course of business. The Receiving Party shall not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment, except to a non-networked printer provided by the Producing Party, as described below. The Receiving Party shall not transmit any source code in any way from the office of the Producing Party's Outside Counsel of record and will upon request agree to visual inspection of items brought into the Source Code Computer room;

(c) The Receiving Party's Outside Counsel of record and designated consultant or expert may make printouts of source code, using the non-networked printer provided by the Producing Party. Such print-outs will be limited to 100 pages in the aggregate with no more than 10 consecutive pages being printed regardless of the number of times the source code is viewed. The Producing Party shall make a copy of each page of the source code that is printed out by the Receiving Party. This copy shall including an appropriate production number and the designation "ATTORNEYS' EYES ONLY – SOURCE CODE." The Producing Party shall provide a designated and production numbered paper copy of the source code printout to the person or persons conducting the source code review, on the same day as the review occurs. Producing Party shall also provide a designated and production numbered paper copy of the source code to counsel for Receiving Party within five (5) court days after the review;

(d) The Receiving Party's Outside Counsel of record and designated consultant or expert shall maintain and store the paper copy of the source code (which includes copies of source code printouts) produced under paragraph 11(c) above at their offices in a manner that prevents duplication of, transmittal from, or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use, and shall return each paper copy of the source

code produced under paragraph 11(c) to the Producing Party at the conclusion of this action;

(e) The Receiving Party shall not create electronic images of the source code from the paper copy for use on a computer (e.g., shall not scan the source code to a PDF) and shall not reproduce the source code in any way (e.g. shall not re-type the source code into a word processing document or email). This paragraph 11(e) notwithstanding, the Receiving Party's Outside Counsel of record may make no more than two (2) paper copies of the source code provided by the Producing Party under paragraphs 11(c). These copies shall be stored in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times when it is not in use, and shall be returned to the Producing Party at the conclusion of this action; and

(f) The Receiving Party's Outside Counsel may disclose the copies of the source code produced or created under paragraphs 11(c) and 11(e) only to individuals specified in paragraph 12 below.

12. Protected Materials designated as "ATTORNEYS' EYES ONLY - SOURCE CODE" may only be disclosed to:

(a) Outside Counsel of record in this action for the party or parties receiving Protected Materials or any information contained therein;

(b) Employees of Outside Counsel of record assigned to and necessary to assist such counsel in the preparation and trial of this action;

(c) Outside technical or litigation consultants and experts, including their support and clerical personnel, who are engaged by the party or parties receiving Protected Materials for the purposes of this litigation and who are designated by each party respectively pursuant to paragraph 14 below;

   (d) Outside vendors that provide document processing, translation or graphics services to outside counsel to assist such counsel in the preparation and trial of this action;

   (e) Jury or trial consultants retained for the purpose of trial preparation in the above-captioned litigation and their employees;

   (f) Any person who was an author of the Protected Material;

   (g) The Court, jury, and court personnel; and

   (h) Any other person with the prior written consent of the Producing Party.

13. Any counsel, employee, expert, consultant or other representative, agent or affiliate of Media Digital who reviews information designated by Toshiba America Information Systems, Inc. as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SOURCE CODE" shall not participate directly or indirectly in the drafting of claims in the prosecution of or in support of the prosecution of any patent application, reissue proceeding, or reexamination of a patent for a patent that is directed to technology: (1) disclosed within such designated information, or (2) disclosed in or related to the patents-in-suit for a period beginning upon the person's first review of designated information and ending three years after (1) that person's last review of the designated information, or (2) the final termination of the litigation, whichever is later, unless the Producing Party agrees otherwise (the "Restricted Period").  Furthermore, any counsel, employee, expert, consultant or other representative, agent or affiliate of Media Digital Corporation who reviews information designated by Toshiba America Information Systems, Inc. as "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY - SOURCE CODE" will not participate directly or indirectly in the design, development, architecture, sales, or marketing of any product that competes with the Toshiba America Information Systems, Inc. accused products or technologies in this case nor provide any opinions, advice, or consultations relating to the accused products for a period beginning upon the

first review of designated information and ending at the final termination of the litigation, unless the party agrees otherwise.

14. Prior to disclosing any Protected Materials to outside technical or litigation consultants and experts identified in paragraphs 8(d), 10(c) or 12(c), the party seeking to disclose the information under these paragraphs shall:  (1) have each outside expert or consultant sign a document in the form of Exhibit A hereto, and (2) provide the Producing Party (whose confidential information is at issue or who produced the information) with: (i) the person's name; (ii) the person's present employer and title, (iii) an up-to-date curriculum vitae of the person; (iv) an identification of any work performed by that person for or on behalf of any party in this action within the four-year period before the filing of this action; (v) a list of cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last four years; and (vi) a general identification of the Protected Materials that it seeks to disclose (for example, and without limitation, all Protected Materials, only "Confidential" information, only designated information that is technical in nature, or only non-technical designated information).  Within ten (10) court days of submission of this information to the Producing Party, the Producing Party may object to the proposed outside expert or consultant on a reasonable basis, or, if it believes in good faith that it needs more information concerning the proposed expert or consultant to make a decision about whether to object, may request such additional information as it believes necessary for the decision.  If the Producing Party requests additional information about the individual to whom the information is proposed to be disclosed, the deadline for the Producing Party to object to the disclosure is the later of:  (a) five (5) court days after the information is provided, or (b) five (5) court days after the party seeking to disclose the confidential information declines to provide the requested information.

    (a)    If an objection to disclosure is made within the time required, the parties shall meet and confer within five (5) court days and, if not resolved, the party seeking to

disclose the information must file a motion seeking permission from the Court to do so. In any such proceeding, the Party opposing disclosure to the expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its expert.

     (b)    Where an objection is made, no such information shall be disclosed to the consultant or expert until the objection is withdrawn or resolved by the Court.

15. Nothing in this Protective Order shall bar counsel from rendering advice to their client with respect to this litigation and, in the course thereof, relying upon any Protected Materials, provided that counsel does not disclose Protected Materials in a manner not specifically authorized under this Protective Order.

16. The term "copy" as used herein means any photographic, mechanical or computerized copy or reproduction of any document or thing, or any verbatim transcript, in whole or in part, of such document or thing.

17. To the extent that Protected Materials or information contained therein is used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Materials or information contained therein.

18. Any court reporter or transcriber who reports or transcribes testimony in this action shall keep all information designated as such under this Order confidential and shall not disclose it except pursuant to the terms of this Order. Any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record. Notwithstanding the foregoing, deposition exhibits designated as "ATTORNEYS' EYES ONLY - SOURCE CODE" shall be collected upon conclusion of the deposition and retained by the Receiving Party, rather than the court reporter or transcriber.

19. Any disclosing party or non-party may designate testimony on oral deposition as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - SOURCE CODE" under the terms of this Order by (i) so stating on the record during the deposition, or (ii) by notifying the other parties in writing of the portions of such testimony to be so designated within ten (10) court days of receipt of the official transcript by the deponent or deponent's counsel, whichever is earlier.  Testimony provided during a deposition shall be treated as "ATTORNEYS' EYES ONLY" until such written notification is received, or if no written notification is provided, until the expiration of the ten (10) court day period.  With regard to designations made during the deposition, the designating party shall have the right to exclude from the deposition all persons not entitled under this Order to view or receive such confidential information before the taking of such testimony.  If a disclosing party or non-party promptly and timely determines that it inadvertently failed to properly designate confidential testimony, it may do so by giving notice to all parties, who shall thereafter treat the materials pursuant to the provisions of this Order.  Any transcript portion that contains testimony so designated shall be labeled in a visible manner with the "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY - SOURCE CODE" legend, and if requested by the designating party, shall be bound in a separate, sealed volume by the court reporter.  If either party intends to offer any evidence at trial based on Attorney Eyes Only - Source Code, both parties hereby agree to jointly move the Court to take appropriate measures to preserve the confidentiality of the Attorney Eyes Only - Source Code to the extent reasonably practicable.

20. Inadvertent or unintentional production of documents or information containing Confidential Information, Highly Confidential Information, or Attorney Eyes Only - Source Code that are not designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" shall not be deemed a waiver in whole or in part of a claim for confidential treatment.

21. The party or parties receiving Protected Materials shall not under any circumstances sell, offer for sale, advertise, or publicize Protected Materials or any information contained therein.

22. Nothing in this Protective Order shall preclude any party to this lawsuit or its attorneys (a) from showing a Protected Document designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE" to an individual who either prepared the Protected Document or reviewed it prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, its own Protected Document designated as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – SOURCE CODE."  Notwithstanding any designation of Protected Document by a Producing Party under this Order, any witness may be shown at a deposition, and examined on, any Protected Document that the witness authored or previously received.  The witness may also be shown at a deposition, and examined on, any Protected Document for which specific documentary or testimonial evidence indicates (i) that the Protected Document was communicated to or from the witness, or (ii) that the witness was involved in the specific matter(s) addressed in the Protected Document, or if the Producing Party of the Protected Document agrees.  In addition, the Producing Party's Protected Materials may be shown without restriction to a witness designated to testify for the Producing Party pursuant to Federal Rule of Civil Procedure 30(b)(6).

23. This Order does not affect or alter a Producing Party's rights to refuse to disclose information properly subject to the attorney-client privilege or the attorney work-product doctrine.  If a party, through inadvertence, produces or provides discovery that it believes is subject to a claim of attorney-client privilege, work product immunity, or is otherwise protected from disclosure, the Producing Party may give prompt and timely written notice to the Receiving Party or Parties that the document is subject to a claim of attorney-client privilege, work-product immunity, or other protection from disclosure,

and request that the discovery be returned to the Producing Party. The Receiving Party or Parties shall within five (5) court days return to the Producing Party such discovery. Return of the document by the Receiving Party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege, work-product immunity, or other protection from disclosure, nor shall it foreclose any party from moving the Court for an order that such document or thing has been improperly designated or should be discoverable and/or usable in this action. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged, or protected by the work product immunity or any other applicable privilege.

24. In the event that a party reasonably believes that, due to a confidentiality obligation owed to a non-party, it cannot produce certain information ("Restricted Information") in this action, said party shall within fourteen (14) days of discovering such obligation (i) provide written notification to the non-party that Restricted Information is subject to disclosure in this action, and (ii) provide the non-party with a copy of this Order. When such written notice is given to the non-party, the disclosing party will advise the potential Receiving Party that such notice has been given. The non-party shall have fourteen (14) days from receipt of the written notice in which to seek relief from the Court if the non-party so desires. If the fourteen (14) days elapse without the third party seeking relief from the Court, the party from which production is requested may (a) seek a protective order from the Court, or (b) produce the requested Restricted Information in accordance with the terms of this Protective Order.

25. After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties

and recipients of the Protected Materials for enforcement of the provisions of this Order following termination of this litigation.

26. In the event any Party desires to change the designation of Discovery Material that is produced from no designation to "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "ATTORNEYS' EYES ONLY – COMPUTER SOURCE CODE," or from one such designation to another, such Party may do so by notice in writing specifically identifying the Discovery Material and furnishing a copy of such Discovery Material with the new designation.  In such event, the Receiving Party shall thereafter treat such information with the new designation pursuant to this Order, as well as undertake a good faith effort to correct any treatment of the information inconsistent with the new designation.

27. Within thirty (30) days following the final termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Materials shall certify destruction or return the Protected Materials to the counsel for the party or parties disclosing or producing the Protected Materials.  Notwithstanding this provision, counsel for the party or parties are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to the Protective Order.

28. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

29. Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Protected Material.  A party that seeks to file under seal any Protected Material must comply with Local Rule 83.11.

30. Nothing in this Order abridges the right of any person to seek modification by the Court in the future.

31. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on grounds not addressed in the Protective Order. Similarly, no party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

So ORDERED AND SIGNED this _____ day of _____, 2013.

_____
United States District Judge

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| MEDIA DIGITAL, INC., * | |
| * | |
| Plaintiff, * | Civil Action No.  1:12-cv-00313-JL |
| * | |
| vs. * | |
| * | |
| TOSHIBA AMERICA INFORMATION * | |
| SYSTEMS, INC., * | |
| * | |
| Defendant. * | |

CONFIDENTIALITY UNDERTAKING OF: _____

1. My home address is:

_____.

2. My present employer is and the address of my present employment is:

_____.

3. My present occupation or job description is:

_____.

4. I have received a copy of the Protective Order in this action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I will comply with all of the provisions of the Protective Order.

7. I will hold in confidence any confidential information which is disclosed to me, and I will not disclose any confidential information to anyone not qualified to receive the confidential information under the Protective Order.  Further, I will use the confidential information only for purposes of this action in strict compliance with the terms and conditions of the Protective Order.  I acknowledge that termination of the litigation does not release me from the obligations set out in this paragraph.

8.      At the conclusion of this action or my engagement with this action I will return all confidential information that comes into my possession, and documents or things which I have prepared relating thereto, to counsel for the party by whom I am employed or retained in strict accordance with the provisions of the Protective Order.

9.      **[Only applicable to employees, consultants, or experts of Media Digital]** I acknowledge and agree that, if I review information that has been designated by Toshiba America Information Systems, Inc. as "Attorneys' Eyes Only" or "ATTORNEYS' EYES ONLY – SOURCE CODE," I shall not participate in directly or indirectly in the drafting of claims in the prosecution of, or in support of the prosecution of any patent application or reissue proceeding, or reexamination of a patent (except where challenging, or representing a party challenging, a patent through reexamination) for a patent that is directed to technology: (1) disclosed within such designated information, or (2) disclosed in or related to the patents-in-suit, for a period beginning upon my first review of designated information and ending two years after (1) my last review of the designated information, or (2) the final termination of the litigation, whichever is later, unless the Producing Party agrees otherwise.  I further acknowledge and agree that I will not participate directly or indirectly in the design, development, architecture, sales, or marketing of any product that competes with the Toshiba America Information Systems, Inc. accused products or technologies in this case nor provide any opinions, advice, or consultations relating to the accused products for a period beginning upon my first review of designated information and ending at the final termination of the litigation, whichever is later, unless the Producing Party agrees otherwise.

10.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

11.     Any accompanying resume or curriculum vitae is a complete and accurate statement to the best of my knowledge, and I acknowledge that in submitting such resume or curriculum vitae I know that the receiving party shall rely

Date: 1/3/13                                  Signature: _____
                                                         Joseph N. Laplante
                                                         United States District Judge

19