UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Media Digital, Inc.</u>

    v.                          Civil No. 12-cv-00313-JL

<u>Toshiba America Information
Systems, Inc. et al.</u>

**O R D E R**

The parties' proposed Discovery Plan (document no. 53) is approved as submitted, with the following changes:

- In accord with the defendants' proposal, any discovery prior to the claim construction hearing will be limited to claim construction issues.  Discovery on other issues, including infringement, invalidity, and damages, will commence after the court issues its claim construction order.

- There will be only one summary judgment deadline, which will occur after the close of all discovery (including expert discovery) and be **120 days prior to the final pretrial conference.**  While the parties may, of course, move for summary judgment on any issue at any time prior to that deadline, they are advised that any motions for summary judgment that are directed at discrete issues (e.g., "application of [the] claim construction order to accused products") and filed well before the close of discovery are unlikely to receive expeditious treatment.

If any party objects to these modifications, it may request an in-chambers conference with the court by conferring with adverse counsel on mutually available dates and contacting the Deputy Clerk.

The parties should also note that the court considers the deadlines for the completion of claim construction discovery and close of fact discovery to be deadlines by which discovery is to

be <u>completed</u>--not deadlines by which discovery is to be served. Propounding parties shall ensure that enough time remains in each discovery period for the recipient to provide its responses by that deadline.  Where Federal Rule 33(b)(2), 34(b)(2), or 36(a)(3) would call for a response after the applicable deadline, the recipient need not provide a response.

**Summary Judgment**.  The parties and counsel are advised that compliance with Rule 56(e) and Local Rule 7.2(b), regarding evidentiary support for factual assertions, and specification and delineation of material issues of disputed fact, will be required.

**Oral argument on dispositive motions**.  Counsel and the parties should anticipate that oral argument will be held on all dispositive motions.  Any party preferring that such a motion be decided on the written filings alone should so notify the clerk.

**Discovery disputes**.  Discovery disputes will be handled by the undersigned judge, as opposed to the Magistrate Judge, in the normal course.  No motion to compel is necessary.  The party or counsel seeking discovery-related relief should confer with adverse counsel to choose mutually available dates, and then contact the Deputy Clerk to schedule a conference call with the court.  The court will inform counsel and parties what written materials, if any, should be submitted in advance of the conference call.

Customary motions to compel discovery, while disfavored by the undersigned judge, are nonetheless permissible. If counsel prefer traditional discovery litigation to the conference call procedure set forth above, any such motion to compel should expressly request, in the title of the motion, a referral to the United States Magistrate Judge. Such referral requests will normally be granted. If the Magistrate Judge is recused, alternate arrangements will be made.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: June 25, 2013

cc:  Corby R. Vowell, Esq.
    David K. Pinsonneault, Esq.
    Christine E. Lehman, Esq.
    Doris Johnson Hines, Esq.
    Haris Z. Bajwa, Esq.
    Bryan K. Gould, Esq.
    Philip R. Braley, Esq.
    Laura L. Carroll, Esq.
    Zachary Rush Gates, Esq.
    D. James Pak, Esq.
    Julie A. Petruzzelli, Esq.
    Richard V. Wells, Esq.